678 So.2d 936 (1996)
CITGO PETROLEUM CORPORATION, Plaintiff-Appellee,
v.
YEARGIN, INC. (formerly known as Project Construction Corporation) and Continental Casualty Company, Defendant-Appellant.
No. 95-1574.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1996.
William M. Nolen, West Monroe, William Brock Swift, Robert Joseph Tete, Lake Charles, for Citgo, et al.
Edmund M. Kneisel, Keith Michael Borne, Lafayette, John A. Stewart Jr., New Orleans, for Yeargin, Inc. Etc.
Christopher M. Trahan, Lake Charles, for St. Paul Fire and Marine Insurance Co.
Before WOODARD, PETERS and SULLIVAN, JJ.
SULLIVAN, Judge.
Defendants-appellants, Yeargin, Incorporated and Continental Casualty Insurance Company (CNA), Yeargin's insurer, suspensively appeal a $4,280,987.73 judgment rendered in favor of Citgo Petroleum Corporation (Citgo). After a full trial on the merits, the trial court determined that a CNA policy issued to Project Construction Company (PCC), now known as Yeargin, provided coverage to Citgo, as an "additional insured," for damages which Citgo and its insurers paid in settlement of thirty-one personal injury claims and one wrongful death claim. Because *937 we find that Yeargin and CNA were erroneously deprived of their right to a jury trial on all issues, we reverse and remand this case to the trial court.
The claims arose from a May 20, 1987 fire at Citgo's Lake Charles, Louisiana refinery. Citgo and its insurers paid a total of $6,925,665.31 to settle the thirty-two claims. Citgo paid the first three million dollars, the amount of its retained liability under its primary three million dollar policy with the Insurance Company of North America (INA). The next two million dollars in settlement was paid by U.S. Fire Insurance Company (U.S. Fire) pursuant to its excess policy issued to Citgo. The final $1,925,665.31 was paid by CIGNA under its five million dollar excess umbrella policy issued to Citgo.
At the time of the fire, PCC was conducting turnaround or maintenance work at the facility pursuant to a January 1987 contract entered into between Citgo and PCC. This contract required PCC to name Citgo as an "additional insured" on a policy of comprehensive general liability insurance. PCC did so and issued a certificate of insurance to Citgo evidencing this coverage.
The CNA policy provided PCC with five million dollars of comprehensive general liability coverage. PCC's retained liability or deductible under the policy was likewise five million dollars, which, in effect, made the coverage self-insurance insofar as PCC's monetary liability was concerned.
On August 9, 1991, Citgo filed a motion for partial summary judgment in which it asserted the CNA policy covered Citgo for its own negligence and CNA was obligated to defend Citgo. It also sought judgment decreeing that the CNA coverage was primary for the first three million dollars and provided coverage thereafter on a fifty/fifty percent basis with U.S. Fire. Yeargin and CNA responded with a motion for summary judgment seeking to have the CNA coverage of Citgo decreed as excess to the ten million dollars available to Citgo through its insurers.
On September 1, 1992, the trial court granted Citgo's motion as prayed for and denied the motion filed by Yeargin and CNA. From this judgment, Yeargin and CNA appealed from the granting of Citgo's motion and sought a supervisory writ of review from the denial of their own motion.
On August 27, 1993, this court reversed the partial summary judgment rendered in favor of Citgo, finding that "genuine issues remain to be resolved as to material facts in this case." For the same reason, this court determined that the trial court correctly denied the motion for summary judgment filed by Yeargin and CNA.
On December 20, 1993, the Louisiana Supreme Court denied Citgo's application for review of this court's reversal of the partial summary judgment. The case was returned to the trial court.
Trial of this matter was held from January 23 to January 28, 1995. On the first day of trial, prior to jury selection, the trial judge ruled that he alone would decide the issue of whether the CNA insurance policy issued to PCC provided coverage to Citgo as an "additional insured." He also ruled that the jury would not be presented with evidence or testimony concerning the intent of PCC and Citgo in formulating the insurance requirements and the regular practice of the business community in formulating such contractual provisions. The trial judge left for determination by the jury the issues of (1) whether the settlements entered into between Citgo, its insurers and the claimants were reasonable, and (2) whether CNA acted arbitrarily and capriciously in refusing to pay Citgo's claims within sixty days of satisfactory proof of loss. In so ruling, the trial court reasoned that:
[T]he issue of whether or not Cities Service [Citgo] was covered under CNA's policy, the issue as to whether or not that coverage was for primary coverage for the first three million and whether or not the coverage included any amount in excess of three million, these issues the Court finds are issues of law.... [T]hese are issues that ought to be resolved by the Court and not by the jury. One reason is because they are very technical in nature. They require the interpretation of a contract, an insurance contract, something that the jury is not in the best position to handle, but the Court is.
Tr. pp. 12761-62 (bracketed language added).
*938 From this ruling, Yeargin and CNA applied to this court for emergency supervisory writs. The trial court signed an order allowing Yeargin and CNA to proceed with its writ application. In their writ application, Yeargin and CNA argued that the trial court took the pivotal factual question, whether the parties intended that PCC would insure Citgo for its own negligence, away from the jury. They also urged that the jury should be allowed to hear the testimony of the experts on the issue of industry practices. On January 27, 1995, one day before the final day of trial, this court denied the writ application of Yeargin and CNA, finding no error in the trial court's ruling. Clark v. Citgo Petroleum Corp., 95-106 (La.App. 3 Cir. 1/27/95).
At trial, the most contested issue on the question of coverage was whether the CNA policy issued to PCC provided coverage to Citgo for its own negligence. The trial judge heard evidence on this issue outside the presence of the jury. After all evidence was presented, the trial judge ruled that the CNA policy provided Citgo with insurance for its own negligence. He reasoned that, because PCC used clear language in the indemnity provision of the turnaround contract which obviously did not extend PCC's obligation to indemnify Citgo to "the sole negligence of Citgo" and did not use as clear language in the insurance clause of the contract or the certificate of insurance, PCC knew that Citgo wanted to be covered for its own negligence. In comparing the "other insurance" clauses of the CNA and INA policies, he concluded that the CNA policy provided Citgo with primary insurance because the CNA policy's "other insurance" provision, that it does not apply if "any other valid and collectible insurance is available to the insured," does not contemplate Citgo's self-(retained liability of three million dollars) under the INA policy. The trial judge then found that, above the three million dollar point, the CNA policy issued to PCC and the U.S. Fire policy issued to Citgo would share coverage of the loss on a fifty/fifty percent basis. The trial judge also concluded that CNA had a duty to defend Citgo against the personal injury and wrongful death claims. This ruling was the same as the prior partial summary judgment rendered on September 1, 1992, in favor of Citgo which was subsequently reversed by this court on August 27, 1993.
The jury then rendered its verdict in which it concluded that Citgo and its insurers acted reasonably in entering into all of the settlements. The jury also determined that the failure of CNA and/or Yeargin (PCC) to pay the claims of Citgo within sixty days of receipt of satisfactory proof of loss was arbitrary, capricious, and without probable cause.
The trial court signed a judgment against CNA and in favor of Citgo on February 16, 1995 in the net amount of $4,280,987.73 plus legal interest from January 28, 1995, the date upon which the judgment was rendered. This figure was derived as follows:

 Principal Plus
 Principal Accrued Interest
1) CNA obligation for settlements $4,964,332.66 $8,074,430.66
2) Costs of defense 243,698.05 388,476.05
3) La.R.S. 22:658: 10% penalty
 plus attorney's fees 818,081.02
 ____________
 Subtotal $9,280,987.73
4) Contractual Credit for Settlement
 of Citgo's Indemnity Claim
 against Yeargin 5,000,000.00
 _____________
 TOTAL JUDGMENT $4,280,987.73
 =============

*939 Yeargin and CNA maintain on appeal that the trial court erred in the following particulars:
1) Failing to allow the jury to resolve the issues of insurance coverage;
2) Concluding that PCC agreed to obtain insurance covering Citgo for its own negligence and that the CNA policy provided such coverage;
3) Finding that the CNA policy covered Citgo for punitive damages;
4) Finding that the CNA policy provided Citgo with exclusive primary coverage for the first three million dollars;
5) Finding that the CNA policy provided excess coverage from three million dollars to its five million dollar policy limit on a fifty/fifty percent basis with Citgo's excess insurer, U.S. Fire;
6) Ruling that CNA had a primary duty to defend Citgo against the asserted claims and that CNA was liable for Citgo's defense costs;
7) Limiting the jury interrogatory to the reasonableness of the settlements entered into by Citgo, its insurers, and the claimants and rejecting CNA's requested special jury interrogatories;
8) Excluding from evidence the reasons for CNA's refusal to defend Citgo while allowing the jury to decide the reasonableness of CNA's refusal to defend Citgo;
9) Rendering a directed verdict in favor of third-party defendant, St. Paul Fire and Marine Insurance Company; and,
10) Denying Yeargin and CNA the opportunity to proffer Dr. Robert Felton's deposition testimony and denying Yeargin and CNA the use of Dr. Roy Wright, Jr.'s deposition testimony for purposes of impeaching his trial testimony.
For the reasons explained hereafter, we find merit in the first assignment of error. We conclude that Yeargin and CNA were wrongfully denied their right to have the issue of insurance coverage resolved by the jury. Accordingly, we reverse the judgment of the trial court and remand for a new trial. Because our resolution of the first assignment of error results in a reversal, we pretermit analysis and discussion of the remaining nine assignments.

LAW AND OPINION
In their first assignment of error, Yeargin and CNA maintain, in part, that the trial court's decision to take the issue of coverage away from the jury violated La.Code Civ.P. art. 1562(D). Yeargin and CNA contend that this article requires that all parties agree to separate the issue of insurance coverage before the judge may order a separate trial on this issue. Appellants argue that their refusal to consent to allow the trial judge alone to decide the coverage issue renders his decision to do so reversible error. We agree.
La.Code Civ.P. art. 1562(D) provides:
If it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice, at any time prior to trial on the merits, the court may order, with the consent of all parties, a separate trial on the issue of insurance coverage, unless a factual dispute that is material to the insurance coverage issue duplicates an issue relative to liability or damages. The issue of insurance coverage shall be decided by the court alone, whether or not there is to be a jury trial on the issue of liability or damages.
(Emphasis added.)
Paragraph D was added to this article by Act number 72, § 1 of 1992. The legal effect of this paragraph must be determined in light of certain Code of Civil Procedure articles dealing with the right to trial by jury, found in La.Code Civ.P. arts. 1731-36. In *940 this regard, La.Code Civ.P. art. 1736 provides:

The trial of all issues for which a jury trial has been requested shall be by jury, unless the parties stipulate that the jury trial shall be as to certain issues only or unless the right to trial by jury as to certain issues does not exist; however, except as otherwise provided under the provisions of Article 1562, there shall be but one trial.
(Emphasis added.)
Article 1736 was enacted in 1983 by Act number 534, § 1. It clearly provides that if a jury trial is requested by a party and that request is not limited (by the request itself or by stipulation) or the right to a jury trial does not exist, then all issues shall be tried by the jury. The legislature's use of the word "shall" makes this provision mandatory. From the time of its enactment in 1983 until 1992, Article 1736's reference to Article 1562 obviously did not include paragraph D of Article 1562. The 1992 enactment of paragraph D of Article 1562 specifically codified a general principle embodied in Article 1736 by requiring a stipulation between or the consent of the parties before the trial judge could order that insurance coverage issues be tried separately. In such instances, the "court alone" decides the issue of insurance coverage.
In Louisiana, there is no constitutional right to a jury trial in a civil case. However, La.Code Civ.P. art. 1731 establishes a statutory right to trial by jury in civil cases, subject to the exceptions outlined in La.Code Civ.P. art. 1732. A thorough review of Article 1732 and jurisprudence interpreting it reveals no exception to this right for cases involving insurance coverage issues or cases in which the trial judge considers the issues presented to be too technical or too complex for the jury to understand.
Additionally, we note that La.Code Civ.P. art. 1735 provides:
In his demand a party may specify the issues which he wishes to be tried by jury; otherwise, he shall be considered to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party, within ten days after service of the demand, may demand trial by jury of any or all of the other issues in the action.
In Hill v. Green, 275 So.2d 407, 409 (La. 1973), a case involving the issue of whether plaintiff's request for a jury trial was timely filed, the Louisiana Supreme Court, in analyzing the purpose of former La.Code Civ.P. arts. 1731-35, reasoned that:
These articles collectively reflect that the intent of the law is to permit all questions at issue in a lawsuit to be tried before the jury, and Article 1734 is the procedural authority for a party to specify which issue or issues he wishes to be tried by jury. Absent any specification of restriction all issues shall be tried by the jury when trial by jury is properly requested.
(Emphasis added.)
In Block v. Fitts, 259 La. 555, 250 So.2d 738 (1971), another case involving the timeliness of a jury trial request, the supreme court stated that "a litigant's right to a jury trial is fundamental, and if doubt exists, it should be resolved against a loss of the right." Id. at 739. "The right to trial by jury, being a fundamental right, should not be denied in the absence of specific authority for its denial." Duplantis v. U.S. Fidelity & Guar. Ins. Corp., 342 So.2d 1142, 1143 (La. App. 1 Cir.1977), citing Champagne v. American Southern Ins. Co., 295 So.2d 437 (La. 1974).
In Harris v. Wright Furniture of Gonzales, 527 So.2d 1063 (La.App. 1 Cir.), writ granted in part and reversed, writ denied in part, 532 So.2d 141 (La.1988), plaintiff sued the seller and manufacturer of an allegedly defective recliner in products liability. Plaintiff also asserted a claim for attorney fees pursuant to La.Civ.Code art. 2545. Both the plaintiff and defendants requested a trial by jury. However, at the end of trial, plaintiff moved that the attorney fees issue be taken from the jury and decided by the judge. The defense objected, but the trial judge granted plaintiff's motion and awarded the plaintiff attorney fees.
In reversing the trial court, the first circuit reasoned as follows:

*941 Louisiana Code of Civil Procedure article 1735 and article 1736, establish the general rule that a demand for a trial by jury will result in a trial by jury of all issues. Exceptions to the general rule exist and occur when: (a) the parties stipulate that the jury trial shall be as to certain issues only; (b) a party in his demand specifies the issues to be tried by a jury; or (c) the right to trial by jury as to certain issues does not exist. Where a jury trial has been demanded by one or both parties, the case must be tried by a jury unless both parties consent to trial without a jury or the trial court finds that a right to a trial by jury does not exist. Huntsberry v. Millers Mutual Fire Insurance Co., 199 So.2d 196 (La.App. 3rd Cir.1967). In the present case both parties requested a trial by jury yet both parties did not consent to trial without a jury on the issue of the amount of attorney's fees. When a party demands a jury trial and does not specify particular issues to be tried by the jury, it is considered that the party has demanded a trial by jury of all issues so triable. Williams v. Bernard, 425 So.2d 719 (La. 1983); LSA-C.C.P. art. 1735. Plaintiff demanded a jury trial and did not specify in his demand that the issue of the amount of attorney's fees was to be tried by the judge alone. The trial court erred in removing this issue from the jury.
Id. at 1066 (footnote omitted). The appellate court then remanded the case to the trial court.
The Louisiana Supreme Court, in a one paragraph per curiam opinion, reversed the first circuit's holding on this issue. The opinion, Harris v. Wright Furniture of Gonzales, 532 So.2d 141 (La.1988) reads, in its entirety, as follows:
Granted in part. Denied in part. The remand to the trial court is vacated and set aside. The judgment of the trial court awarding attorney fees is reinstated. In all other respects the decree of the court of appeal is affirmed.
Without the benefit of further reasoning, we cannot discern what facts prompted the supreme court to reverse the first circuit and reinstate the trial court's award of attorney fees or upon which law the reversal was based. In any event, this reversal in Harris is not controlling in the present case since we are called upon to determine whether the trial court specifically violated La.Code Civ.P. art. 1562(D), which was enacted in 1992, four years after the Harris case.
In the case sub judice, defendants Yeargin and CNA, in their answer filed on May 8, 1991, specifically requested and averred "that they are entitled to a jury trial on all of the issues involved herein." The next day, the trial court signed an order reflecting that the "matter be tried by a jury as prayed for, upon defendants posting bond in the amount of $2,500." On December 15, 1992, Yeargin and CNA filed a separate motion/request for jury trial, wherein they "specifically reurge[d] their demand for a jury trial on all of the issues involved herein." On December 22, 1992, the trial court ordered that "all issues involved herein be tried by a jury" and ordered further that defendants post a $2,500.00 bond. On January 5, 1993, Yeargin and CNA posted the required $2,500.00 jury bond.
Therefore, having complied with the requirements of La.Code Civ.P. arts. 1731-1736, Yeargin and CNA were thereby entitled to a jury trial on "all issues." La.Code Civ.P. art. 1562(D) provides that, if principles of simplicity, judicial efficiency, or justice would be served, then the court may order a separate trial on the issue of insurance coverage. The trial judge's discretion, however, is not unfettered. The article also requires "the consent of all parties." In fact, the trial judge's ability to take the issue away from the jury is, relatively speaking, severely restricted because all of the following conditions must exist:
(1) it would simplify the proceedings, permit a more orderly disposition of the case, or be in the interest of justice;
(2) the consent of all parties;
(3) the non-existence of a factual dispute material to the coverage issue which duplicates an issue relative to liability or damages; and

(4) the order must be rendered before trial on the merits. *942 Such limitations on a trial judge's discretion, particularly the consent of all parties, practically speaking, amount to no discretion.
While the issue of insurance coverage under an insurance policy is a narrow issue of the law between the alleged insured and the insurer, a jury is not prohibited, by statute or otherwise, from deciding this issue. Stated another way, the issue of insurance coverage is not specifically and explicitly excluded from the issues which are triable by a jury. Additionally, the law does not distinguish between contested issues of law and contested issues of fact when delineating the issues triable by a jury. In this case, the issue of coverage, an issue of law, was contested. The jury is allowed to decide this contested issue of law pursuant to La.Civ. Code art. 2045 et seq., on the interpretation of contracts, and the jurisprudence applying these articles. While the judge must tell the jury the statutory and jurisprudential law it is required to apply in making its determination, the jury is entitled to decide the issue of whether or not coverage exists under the policy.
Furthermore, there is no exception to the right to trial by jury for issues which the trial judge may think are too technical or too complex for the jury to understand. Even if, as in this case, the trial judge is of the mindset that he is more capable than the jury of deciding the issue of coverage, he cannot take this issue away from the jury once the issue is included within the scope of issues for which a jury trial was requested, unless the conditions of La.Code Civ.P. art. 1562(D) are met.
We recognize that our decision to review this issue yields a different result than our denial of supervisory relief in the prior unpublished emergency writ, Clark v. Citgo Petroleum Corp., 95-106 (La.App. 3 Cir. 1/27/95), which was rendered on the second to last day of this trial. Generally, our prior ruling would be subject to the "law of the case" principle, which provides "that an appellate court ordinarily will not reconsider its own rulings of law in the same case." Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 706 (La.App. 1 Cir.), writs denied, 605 So.2d 1099 and 605 So.2d 1100 (La.1992). However, this doctrine is not a strict rule of law but is a discretionary guide; it is not applicable where the prior decision was palpably erroneous or where, if the law of the case were applied, manifest injustice would result. Id.
In the present case, we conclude that application of our prior ruling denying supervisory writs would result in a manifest injustice to Yeargin and CNA. As litigants, they have a statutory right to a civil jury trial on the contested issue of whether the CNA policy issued to PCC provided coverage to Citgo as an "additional insured." Procedurally, Yeargin and CNA have done everything necessary to preserve this right. Certainly, the deprivation, with no basis in law, of this fundamental right qualifies as manifestly unjust. We note also that our prior writ denial focused on the propriety of the trial court's disallowance of evidence on intent and industry practice. Therefore, we decline to follow our prior ruling in this matter.
Because of the manifest injustice inherent in this deprivation of the right to trial by jury, we will remand this case to the trial court for a new jury trial on all contested issues. We conclude that the interests of justice would best be served by allowing a jury to hear and decide the entire case instead of remanding for a jury trial on only the narrow issue of insurance coverage. If we were to decree the latter, then separate juries would decide different issues in this case. This would not be a proper result.

DECREE
For these reasons, the trial court's judgment is reversed. This case is remanded to the trial court for a jury trial on all of the contested issues presented in this case. Costs of this appeal are assessed to plaintiff-appellee, Citgo Petroleum Corporation.
REVERSED AND REMANDED.