722 So.2d 1143 (1998)
Calvin YOUNG, et al.
v.
Gary MARTINEZ and State Farm Mutual Automobile Insurance Co., et al.
No. 98-CA-674
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1998.
*1144 Matthew W. Pryor, Gonzales, for Plaintiff-Appellee.
Kelvin G. Sanders, Baton Rouge, for Defendants-Appellants.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and SOL GOTHARD.
DUFRESNE, Judge.
This case arises from an automobile accident which occurred on September 22, 1995, in Gonzales, Louisiana. The plaintiff/appellee, Mrs. Faye Young, was a passenger in the vehicle operated by her husband, Calvin Young, when they were rear-ended by a vehicle owned and operated by Gary Martinez. As a result of injuries sustained in the accident, plaintiffs, Calvin and Faye Young, filed a petition for damages against Gary Martinez and his insurer, Patterson Insurance Company. Faye Young subsequently filed an amended petition adding State Farm Mutual Automobile Insurance Company as a defendant, in its capacity as her uninsured/underinsured motorist carrier.
Prior to trial, the plaintiffs settled their claim with Gary Martinez and his insurer, Patterson, who tendered its $10,000.00 policy limit. By a subsequent court order, these defendants were dismissed from the suit. Thus, the only matter left for trial was Mrs. Young's claim against State Farm as her uninsured/underinsured motorist carrier. A bench trial was conducted on her claim on January 23, 1998. As liability was stipulated to prior to trial, the only issues before the court were quantum and whether the carpal tunnel syndrome was caused or aggravated by the accident. After considering the evidence presented, the court, giving very thorough reasons, rendered judgment in favor of Faye Young and against State Farm in the amount of the policy limits of $25,000.00 plus interest from the date of judicial demand until paid, and all court costs. It is from this judgment that State Farm now appeals.
There are two main issues involved in this appeal, the first dealing with the trial judge's denial of State Farm's motion for involuntary dismissal. At trial, the plaintiff's case consisted of her own testimony as well as the deposition testimony of Dr. Robert Dale, a chiropractor, Dr. Kenneth Adatto, plaintiff's treating physician, and Dr. Robert Steiner who conducted an independent medical examination. This testimony focused on plaintiff's injuries as well as her course of treatment. At the conclusion of the plaintiff's case, State Farm moved for an involuntary dismissal pursuant to LSA-C.C.P. art. *1145 1672B[1], arguing that the plaintiff failed to prove an essential element of her case, specifically that the tortfeasor was uninsured or underinsured. The court deferred ruling on State Farm's motion, allowed State Farm to present its case, and then allowed plaintiff to testify in rebuttal on the uninsured/underinsured status of the tortfeasor. In rebuttal, Mrs. Young testified that she settled her claim against Gary Martinez and his insurer, Patterson Insurance Company, for $10,000.00. She further testified that it was her understanding that this amount constituted the policy limit and that Mr. Martinez had no other insurance available to him. At the conclusion of this rebuttal testimony, the trial judge denied State Farm's motion for involuntary dismissal. State Farm now complains about this ruling.
State Farm specifically claims that the trial court erred when it failed to grant the motion after plaintiff rested her case because she failed to present any evidence to establish that the tortfeasor was uninsured or underinsured so as to entitle her to UM benefits. The insurance company complains that this error by the trial judge was further compounded when he allowed the plaintiff to take the witness stand in rebuttal in an attempt to establish that which she failed to establish in her case in chief. State Farm continues its argument by asserting that the trial judge thereafter erred in relying on inconclusive hearsay evidence to find that Gary Martinez was underinsured. Based on these errors, State Farm requests that this court reverse the judgment of the trial court and enter a judgment of involuntary dismissal in its favor, as plaintiff failed to meet her burden of proving an essential element of her case.
In the present case, prior to the beginning of trial, State Farm stipulated to liability and that the only issues presented for trial were that of quantum and whether plaintiff's carpal tunnel syndrome was caused or aggravated by the accident in question.
LSA -C.C. art. 1853 provides:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
A stipulation has the effect of a judicial admission or confession which binds all parties and the court. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law, and are the law of the case. Cain v. Aquarius Builders, Inc., 96-66 (La.App. 5 Cir. 7/30/96), 680 So.2d 69; 2304 Manhattan Boulevard Partnership v. Louisiana Power and Light Company, 94-192 (La.App. 5 Cir. 9/14/94), 643 So.2d 1282. It is well settled that a stipulation amounts to full proof against those who made it. It has the effect of withdrawing a fact from issue and disposing wholly with the need for proof of that fact. Terral v. Waffle House, Inc., 96 0589 (La.App. 1 Cir. 12/20/96), 684 So.2d 1165.
In the present case, the actions of the parties at trial, in entering into the stipulation that the only issues at trial were that of quantum and whether plaintiff's carpal tunnel syndrome was caused or aggravated by the accident in question, amounted to a judicial admission that the tortfeasor was uninsured or underinsured. Therefore, this is no longer an issue between the parties. Moreover, as the parties agreed which specified issues were to be determined, the defendant cannot now complain about the trial judge's ruling on an issue which was not listed as an issue to be determined. See Cain v. Aquarius Builders, Inc., supra.
However, out of an abundance of caution, we note that even if the uninsured/underinsured status of the tortfeasor was at issue, *1146 we find that it was sufficiently proved in the rebuttal testimony of Mrs. Young and that the trial judge did not err in allowing such testimony.
LSA-C.E. art. 611 E provides that "[t]he plaintiff in a civil case and the state in a criminal prosecution shall have the right to rebut evidence adduced by their opponents." The trial court has great discretion in controlling the presentation of evidence, including the power to admit or refuse to admit rebuttal evidence. Evidence in rebuttal is confined to new matters raised by the defense. Rebuttal is not a repetition of plaintiff's theory of the case. Beecher v. Keel, 94-0314 (La.App. 4 Cir. 9/29/94), 645 So.2d 666, writ denied, 95-0108 (La.3/10/95), 650 So.2d 1185.
Given the broad discretion afforded the trial judge in controlling the presentation of the evidence, we find no error in the trial court's allowance of Mrs. Young's rebuttal testimony, especially in light of the fact that the defendant raised an issue which plaintiff apparently thought did not have to be determined given the stipulations. We further note that this rebuttal testimony sufficiently established the insured status of the tortfeasor, in the event it was at issue.
The second major issue raised by State Farm involves the factual findings by the trial judge. Specifically, State Farm contends that the trial court committed manifest error in determining that plaintiff's carpal tunnel injury was aggravated to the point of surgery as a result of the accident.
In Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989), the Louisiana Supreme Court stated:
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. In applying the manifestly erroneous-clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo [citations and footnote omitted].
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong [citations omitted].
In the present case, it is undisputed that Mrs. Young was diagnosed with carpal tunnel syndrome in 1994 and that her treating physician, Dr. Kenneth Adatto, recommended surgery on both hands in 1994. Mrs. Young ultimately had surgery performed on her right hand in June of 1997, approximately twenty-one months after the accident in question. Thus, in addition to quantum, the main issue which the trial judge faced was what effect the accident had on Mrs. Young's already existing problems with her hands.
*1147 The trial judge gave oral reasons for judgment, carefully scrutinizing the testimony of each witness. He then concluded that the testimony produced at trial did not show "any appreciable difference in the left wrist before this accident and after this accident." However, the court did find, based on the testimony of Mrs. Young and Dr. Adatto, "that the second collision, namely the collision of 1995 did aggravate the right wrist to such an extent that whether it was financially feasible or not that surgery became a necessity." We believe these findings are adequately supported by the record.
Mrs. Young, during her testimony, admitted having carpal tunnel syndrome before the accident and further admitted that surgery had been recommended. However, she claimed that she did not have surgery performed at that time because the problems were tolerable and she could still function. She testified that after the accident, her hands got worse, and she was in so much pain that she could not even sleep at night.
Dr. Kenneth Adatto, her treating physician, testified regarding his treatment of Mrs. Young both before and after the accident of September 1995. Dr. Adatto testified that when he treated her in 1994, prior to the accident in question, her condition initially got worse but then it stabilized. He further testified that although he did not see her until approximately one year after the accident, it was his opinion that the accident aggravated her condition and made it worse.
Dr. Steiner, the physician who conducted the independent medical examination, testified that based on his evaluation of the patient and a review of her medical records, he was of the opinion that Mrs. Young's carpal tunnel symptoms and need for surgery preexisted the September 1995 accident and that the accident played no part in her need for surgery. He further testified that while a trauma, such as an automobile accident, may have temporarily aggravated her problem, it would not have caused a lasting aggravation.
In the present case, although there was some conflicting testimony regarding the effect of the accident on Mrs. Young's problems, the trial judge had ample testimony upon which to base his conclusion that the September 1995 accident aggravated plaintiff's condition and made it worse. We have reviewed the record in its entirety and cannot say that the trial judge was clearly wrong or manifestly erroneous in either his causation or quantum determinations.
Accordingly, for the reasons set forth herein, we affirm the judgment of the trial court in favor of plaintiff.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 1672 B provides as follows:

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render judgment until the close of all the evidence.