783 So.2d 548 (2001)
Dana BURSE
v.
ALLSTATE INSURANCE COMPANY and Chikako Nishimura.
No. 00-CA-1895.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2001.
*549 Frank M. Buck, Jr., Robert L. Manard, New Orleans, LA, Counsel for plaintiff-appellant.
P.M. Donovan, Vance W. Ott, Metairie, LA, Counsel for defendant-appellee.
Court composed of Judges DUFRESNE, CANNELLA and McMANUS.
CLARENCE E. McMANUS, Judge.
In this matter, Appellant Burse complains of a judgment in which the trial court denied her claim for damages, after a trial on the merits, having found that Burse did not prove the damages by a preponderance of the evidence. We disagree, and find that Burse has proved damages with legal sufficiency, and therefore award her an amount for such damages.

STATEMENT OF THE CASE
The matter was instituted with Burse's petition for damages, filed on December 1, 1998. Defendant timely answered the suit, and a bench trial was held on August 29, 2000. The trial court ruled orally at the conclusion of the trial, and a written judgment was signed September 12, 2000, dismissing the suit. Burse's motion for appeal was filed October 18, 2000.

FACTS
The matter arises out of an automobile accident which occurred on December 12, 1997. Burse was injured when the car in which she was a guest passenger rear-ended another vehicle which was stopped at a red light. There does not seem to be any question that Chikako Nishimura, a permissive driver of Appellee Allstate Insurance Company's named insured, and the driver of the vehicle in which Burse was riding, was totally at fault; liability and policy coverage were admitted by Allstate.
The record also contains an admission regarding the medical treatment Burse was given as a result of the injuries she received in the accident. At the commencement of trial, the following stipulations were entered:
With respect to the medical side of the case, Your Honor, in lieu of calling *550 Dr. William C. Batherson [D.C.] of let's seeTotal Rehab and Sports Performance and Mind Care Plusit's two different clinicsin lieu of calling him live, the parties also will introduce the medical bills and medical reports from Dr. Batherson.
. . . .
Further, the stipulation is that Dr. Batherson, in lieu of his testimony, if he were called here to testify, he would testify in accordance with those reports, and that assuming the history to be correct as related to him by the plaintiff, that he would relate his treatment for the injuries and the injuries to the automobile accident forming the basis of this lawsuit of December 12th, '97, which we've described, as it relates to coverage and liability.
Dr. Batherson's narrative reveals the following. Burse was first seen by him on January 14, 1998. Dr. Batherson reported Burse's description of the accident, and noted a negative history of any loss consciousness or other indications of head trauma. In addition, he found no previously existing conditions which might have contributed to Burse's immediate complaints. On examination, Dr. Batherson found various positive symptoms of injury, diagnosed a soft tissue injury to Burse's neck, and noted that her "prognosis was good."
Dr. Batherson placed Burse on a program of conservative treatment, consisting of various types of passive therapy. Over the course of roughly one month's therapy, with the last treatment taken on February 19, 1998, Burse had only the one office visit with Dr. Batherson himself. However, Dr. Batherson saw Burse for one last visit on October 21, 1999, and even with the gap in treatment, he noted that she had "persisted with neck pain ... throughout our course of treatment."
Burse herself testified at trial, and her testimony was as follows. She stated that the impact of the collision had "jerked" her forward in her seat. She stated that she didn't remember experiencing pain immediately after the accident, but instead remembered being "shocked." However, on the morning after the accident, she woke up "in pain," and went for treatment to a Dr. Kilpatrick (or Kirkpatrick) at Mercy Care Medical Center. She was instructed by Dr. Kilpatrick to use a heating pad on the injured area.
It was when the heating pad failed to bring relief that Burse began to treat with Dr. Batherson, and she stated that she had begun to notice improvement as soon as she began to treat with his office. Her complaints did not resolve immediately, however, and she testified that even during the lapse in treatment between February of 1998 and October 1999, she had continued to suffer stiffness "from time to time." Finally, Burse testified that she had lingering aches as of the date of trial periodic "flare-ups"for which she takes Advil.
Admitted as part of Dr. Batherson's records is Burse's physical therapy log, which indicates that between January 14, 1998, and February 19, 1998, she was seen for therapy eight times. The bill from Dr. Batherson's office is $435.00. Burse testified that she had no records to submit from Mercy Care Medical Center: she testified that Dr. Kilpatrick's office had no record of her treatment because she had been seen by him as a favor and without any charge.
At the conclusion of trial, the judge made the following findings:
At this time the Court finds that the plaintiff failed to prove her case beyond a preponderance of the evidence, and *551 the Court rules in favor of the defendant.
In addition, in the written judgment, the judge ruled "that petitioner failed to carry her burden of proof relative to the issues of damages."

DISCUSSION
Appellant Burse now raises as error the trial judge's finding that she did not prove her damages at trial. We agree that the trial judge should have awarded damages.
For a plaintiff to recover damages, he must first prove his case, and in order to prove damages, it is mandatory that he prove each and every element of the damages which he claims. Gulf American Industries v. Airco Indus. Gases, 573 So.2d 481, 492 (La.App. 5 Cir.1990). The plaintiff has the burden of proving every essential element of his case, including the cause-in-fact of damage, by a preponderance of the evidence. Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993).
As to causation, this issue was the subject of a stipulation at the beginning of trial in which Allstate specifically agreed that Dr. Batherson, the treating physician, "would relate his treatment for the injuries... to the automobile accident forming the basis" of the instant suit. This stipulation is binding on the court.
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. LSA C.C. art. 1853 (emphasis supplied). A stipulation has the effect of a judicial admission which binds all parties and the court. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law, and are the law of the case. Young v. Martinez, 98-674, at 3 (La.App. 5 Cir. 11/25/98), 722 So.2d 1143, 1145 (emphasis supplied; citations omitted).
The trial judge is bound by the parties' agreement here, and the stipulation that the treating physician would relate Burse's treatment to her accident is conclusive of causation in this matter.
As to the other elements of her claim, Burse also presented sufficient evidence to support an award for damages.
Burse's bill from Dr. Batherson's office was admitted as authentic; the amount of special damages, therefore, was also conclusively admitted.
As to Burse's general damages, Burse testified that as of the day immediately following the accident, she had begun to suffer with pain in her left shoulder, and that she was still suffering occasionally as of the date of trial. In addition, she testified that there was no pre-existing condition which might have contributed to her pain and suffering. If Burse did not testify at great length or go into minute detail in her testimony, she nevertheless gave uncontradicted testimony linking her injury to the accident in question.
We agree with Burse that she is entitled to damages for her injury, and because the trial judge awarded none, we must set such an amount.
In fixing damages, we are not limited to either the highest or lowest amount of the reasonable range of awards that would have been affirmed [had the trial court awarded damages], but are bound to award an amount that is fair and just for the damages supported by the record. The primary considerations in the assessment of damages in a personal injury action are the severity and duration of the injury. Klaveness v. Massey, 99-867, at 6-7 (La.App. 5 Cir. 2/16/00), 756 So.2d 538, 543-4.
*552 Burse related that she had been in "shock" immediately after the impact. A subjective symptom this may be, but it nevertheless expresses how severely the accident affected her. Her diagnosed injury, a soft tissue injury to one of her shoulders, was treated for roughly a month after the accident, and her treating physician noted that Burse continued to suffer, though he does not describe unrelenting pain, for over a year after the accident. Burse herself testified that she continued to experience occasional pain even as of the date of the trial.
We feel that Burse is entitled to the sum of $2,500.00 in general damages, plus her stipulated medical specials of $435.00.
Therefore, we reverse the judgment below, finding that Burse has proved she is entitled to damages, and award her damages in the amount of $2,500.00 general damages, $435.00 special damages, with interest from date of judicial demand, and all trial court costs. Appellee is to bear the costs of this appeal.
REVERSED