MOORE, J.
h Silas Dean appeals a judgment that dismissed his claim against his uninsured/underinsured motorist (“UM”) carrier, State Farm, for failing to prove that the other driver was uninsured or underin-sured, as required by La. R.S. 22:1295(6). He also contests a partial summary judgment that dismissed his claim for damages and attorney fees arising from bad-faith adjusting of his UM claim, under La. R.S. 22:1973, 1892. Finally, he seeks an award of reasonable damages for his personal injuries. Finding no merit in any of his arguments, we affirm, but amend the judgment to state the prevailing and losing parties more precisely.
FACTUAL BACKGROUND
On July 11, 2012, Dean was driving his wife’s 2001 Lexus 300, which was insured (with UM coverage) by State Farm. He was going west on East Madison Avenue, in Bastrop, through the intersection at South Washington Street. He testified that he had the green light, but was struck by a southbound 2011 Ford Ranger driven by Robert McKellar and insured by Progressive Insurance Co. The impact spun the Lexus around, resulting in two impacts. Dean testified that he was “in a daze” after the collision until McKellar walked up to his window and denied that he (McKellar) ran a red light. Dean was positive that he had the green light.
Dean was taken to Morehouse General Hospital and, in the ensuing months, was treated by a chiropractor, a pain management specialist and a physical therapist; he was also examined by a neurosurgeon in Shreveport. He felt that the accident aggravated preexisting back and neck problems that he had been treating for years.
JjjPROCEDURAL HISTORY
Dean and his wife filed this suit against State Farm in August 2013. He alleged that Progressive was McKellar’s liability carrier, State Farm was his own UM carrier, and McKellar’s liability coverage was “insufficient to fully compensate petitioners for all” injuries and damage; hence, the UM claim. He also alleged that State Farm “arbitrarily, capriciously, and without cause refused to timely tender a reasonable and fair amount” under the UM policy, contrary to R.S. 22:1973 and 1892, entitling him to statutory penalties, damages and attorney fees.
*614 State Farm made general denials, admitting that it had issued a UM policy to the Deans with a limit of $25,000 per person per accident. State Farm also asserted that Dean was comparatively negligent in the accident and had many preexisting injuries unrelated to the accident.
State Farm moved for partial summary judgment in October 2013 to dismiss the bad-faith adjusting claim. In a memo in support, State Farm recited that Dean made a claim against McKellar’s liability carrier, Progressive, which “paid its policy limit of $100,000 to plaintiff for settlement of plaintiffs injury claim.” State Farm showed that Dean had submitted medical bills of only $19,249.05 as a result of the accident, and argued that his remaining damages were not worth $100,000; hence, he could not prove bad faith just because he disagreed with State Farm’s assessment of his injury. In support, State Farm attached a copy of the Deans’ full release of all claims with indemnity (“the Settlement”) with Progressive. This recited a payment of $100,000 for “any and all claims, actions, causes of action, demands, rights, damages, costs” arising from the accident, but did not state that $100,000 was Progressive’s policy limit.
IsDean opposed the motion in February 2014, arguing that “adequate and/or meaningful discovery” had not yet taken place and a hearing would be premature. He asked for a continuance instead.
The court held a hearing on March 6, 2014. No transcript of this is in the record, but the minutes show that the district court denied Dean’s motion for continuance and granted State Farm’s motion for partial summary judgment.
Dean filed a motion in limine, in August 2015, to prohibit any mention at trial of, among other things, any benefits he might have received from a collateral source, and of the fact that he settled with Progressive for “its insured’s liability policy limits in exchange for a limited release.”
The court held a hearing on Dean’s motion in limine, and on several other motions, on August 20, 2015. The court voiced perplexity at Dean’s request: “How do you get to the court not knowing that it’s a UM claim[?] * * * You have to establish as an underlying basis that the policy limits which you’ve obtained are not sufficient?” Counsel replied, ‘Tour honor, that’s not what we have to do[,]” and, moments later, “The petition * * * states that the settlement limits were paid.” The court again advised that one of the elements of proof is that “there is not enough money from one source!.] You almost have to have this as an element of your case that these people are underinsured.” After several minutes of dialogue in this vein, the court denied Dean’s motion in limine.
The matter proceeded to trial in February 2016. Dean offered medical records and bills, totaling $24,119.90, and photos of the damaged Lexus. State Farm offered a copy of its UM policy, two medical depositions, and a copy of the Settlement. Regarding the Settlement, Dean’s counsel persisted Rthat it was inadmissible except to show “the policy limits for Progressive were fully exhausted.” State Farm agreed to stipulate how much Dean received from Progressive, but nothing more.
Dean himself was the only live witness, describing the accident, his course of treatment and his continued medical complaints. On cross-examination, he was unable to recall or explain medical records confirming very similar medical complaints before the accident. Dean also offered the deposition of Dr. John Ledbetter, a pain management specialist who treated him starting in December 2012, about five months after the accident. Counsel’s asso- *615 cíate read the deposition out loud into the record. After this, both sides rested.
By post-trial brief, State Farm argued that Dean failed to prove that McKellar was UM, as required by R.S. 22:1295(6). Dean moved to strike State Farm’s brief, urging (among other things) that McKel-lar’s UM status was proved by the allegations of plaintiff’s petition. After a hearing on May 5,2016, a transcript of which is not in this record, the court denied Dean’s motion to strike.
On June 3, the court filed reasons for judgment finding that R.S. 22:1295(6) applied and that Dean had offered no evidence to establish a prima facie case that McKellar was UM. The judge cited this court’s application of the rule to similar facts in Luquette v. Allstate Ins. (Indem.) Co., 50,177 (La.App. 2 Cir. 8/12/15), 174 So.3d 736, writ denied, 2015-1641 (La. 10/30/15), 180 So.3d 300. The judge specifically rejected the argument that the plaintiffs own petition could establish an essential element of § 1295, reasoning that under La. C.C. art. 1853, a judicial confession constitutes full proof only against the party who made it, and noth against the other party. The reasons included decretal language but directed State Farm’s counsel to submit a written judgment in accord with the reasons.
Six days later, before final judgment was signed, Dean moved for the instant devolutive appeal. State Farm responded with a motion to enforce offer of judgment, under La. C. C. P. 970C, in effect to amend the reasons for judgment to cast Dean with all costs.[1]
After a hearing, the district court denied State Farm’s motion to enforce the offer of judgment and rendered a final judgment dismissing Dean’s claims, with each party to bear its own costs.
DISCUSSION: PROOF OF UM STATUS
Dean has designated four assignments of error. His first assignment urges the trial court erred in concluding that the plaintiff was required to prove that the tortfeasor was UM because, owing to State Farm’s pretrial judicial admissions, this was simply not a contested issue at trial. He contends there is “no specific formula” for proving a tortfeasor’s UM status, and submits that any prima facie evidence will suffice, citing Gillmer v. Stuckey, 2009-0901 (La.App. 1 Cir. 12/23/09), 30 So.3d 782, and Young v. Martinez, 98-674 (La. App. 5 Cir. 11/25/98), 722 So.2d 1143. He shows that the Settlement was entered in evidence, and asserts that State Farm called it a policy-limits settlement “in numerous pretrial pleadings.”[2] He largues that these statements constituted a judicial confession, obviating his need to present evidence, under La. C.C. art. 1853 and C.T. Traina Inc. v. Sunshine Plaza Inc., 2003-1003 (La. 12/3/03), 861 So.2d 156. He contends that “throughout the entire course of the current litigation,” the parties were fully aware that the Settlement was for policy limits, and to allow State Farm to change its position late in the proceedings is “ambush.”
By his second assignment of error, Dean urges the trial court erred in finding the *616 evidence of UM status to be insufficient to carry the plaintiffs burden of proof on the issue. He reiterates that the Settlement and State Farm’s four statements in memos provided sufficient proof of McKellar’s UM status.[3]
In order for an insured to recover against his UM carrier, he must first prove the UM status of the offending motorist. Luquette v. Allstate Ins., supra; Lozano v. Brown, 10-489 (La.App. 5 Cir. 1/25/11), 60 So.3d 669. Proof of UM status is regulated by R.S. 22:1295, which provides, in pertinent part: .
(6) In any action to enforce a claim under the uninsured motorist provisions of an automobile liability policy the following shall be admissible as prima facie proof that the owner and operator of the vehicle involved did not have automobile liability insurance in effect on the date of the accident in question:
(a) The introduction of sworn notarized affidavits from the owner and the operator of the alleged uninsured vehicle attesting to their current addresses and declaring that they did not have automobile liability insurance in effect covering the vehicle in question on the date of the accident in question. * * *
|7(b) A sworn notarized affidavit by an official of the Department of Public Safety and Corrections * ⅜ *.
(c) Any admissible evidence showing that the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident in question, or that the residency and citizenship of the owner or operator of the alleged uninsured vehicle is unknown, together with a sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that on the date of the accident in question, neither the owner nor the operator had in effect a policy of automobile liability insurance,
(d) The effect of the prima facie evidence referred to in Subparagraphs (a), (b), and (c) of this Paragraph is to shift the burden of proof from the party or parties alleging the uninsured status of the vehicle in question to their uninsured motorist insurer.
Dean does not contend that he offered any of the documents enumerated in § 1295 (6), and on close review, we find no such evidence in the record.[4] The district court was not plainly wrong to find that Dean failed to meet his burden of proof under the statute.
In addition to the enumerated documents, Subparagraph (6)(c) permits the introduction of “any admissible evidence” to prove UM status. Campbell v. American Home Assur. Co., 260 La. 1047, 258 So.2d 81 (1972); Stephens v. King, 2016-376 (La.App. 3 Cir. 11/9/16), 205 So.3d 990. Ordinarily, the plaintiff can satisfy this by introducing the declarations page of the offending driver’s liability policy, showing the policy limits, and any evidence showing the plaintiffs damages exceeded that amount, Gillmer v. Stuckey, supra, Scherer v. Chaisson, 469 So.2d 510 (La. App. 3 *617 Cir. 1985); Loupe v. Tillman, 367 So.2d 1289 (La. App. 4 Cir. 1979). Dean did not offer the declarations page or any portion of McKellar’s liability policy with Progressive expressing the policy limits.
|RAs noted, State Farm offered a copy of the Settlement, but this does not purport to state that the $100,000 paid by Progressive was the policy limit. Proof of a settlement with the offending driver’s liability carrier does not constitute proof that the offending driver’s coverage has been exhausted. Lozano v. Brown, supra. The evidence in this record is equivalent to the evidence in Lozano and does not satisfy the plaintiffs burden.
The plaintiff can also satisfy his burden under § 1295 (6)(c) by introducing the testimony or written statement of the offending driver admitting that he had no insurance. Campbell v. American Home Assur. Co., supra; Malloy v. Vanwinkle, 94-2060 (La.App. 4 Cir. 9/28/95), 662 So.2d 96; Releford, v. Doe, 618 So.2d 464 (La. App. 4 Cir. 1993); Fuller v. Moser, 539 So.2d 784 (La. App. 3 Cir. 1989); Schexnaider v. Rome, 485 So.2d 245 (La. App. 3 Cir. 1986). Dean did not offer any testimony or statement from McKellar.
Finally, the plaintiff can satisfy his burden under § 1295 (6)(c) by showing that his own UM carrier has judicially confessed liability. Young v. Martinez, supra; see also Finley v. “ABC” Ins. Co., 06-581 (La.App. 5 Cir. 12/27/06), 946 So.2d 330.[5] Judicial confession is governed by La. C.C. art. 1853, which provides:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
|flA judicial confession is a party’s explicit admission of an adverse factual element. Cichirillo v. Avondale Indus. Inc., 2004-2894 (La. 11/29/05), 917 So.2d 424; State v. Lamb, 31,919 (La.App. 2 Cir. 5/7/99), 732 So.2d 1270. A judicial confession cannot be implied. Yesterdays of Lake Charles Inc. v. Calcasieu Parish Sales & Use Tax Dept., 2015-1676 (La. 5/13/16), 190 So.3d 710; Hoffman v. Hoffman, 430 So.2d 149 (La. App. 2 Cir. 1983). Moreover, the other party must have believed the fact was no longer at issue or relied on it to his detriment. Alexis v. Metropolitan Life Ins. Co., 604 So.2d 581 (La. 1992); State v. Lamb, supra; Leday v. Safeway Ins. Co. of La., 2004-610 (La.App. 3 Cir. 11/17/04), 888 So.2d 1084. The presence of consistent opposition to the allegedly confessed fact weighs against finding a confession. Leday v. Safeway Ins. Co., supra.
In its answer, State Farm generally denied Dean’s allegation that he received policy limits from Progressive, “for lack of information sufficient to justify a belief therein and in order to require strict proof thereof.” Later in its answer, State Farm asserted its right to reimbursement, credit or offset “[i]n the event plaintiffs’ claims exceed the underlying liability limit provided by Progressive[.]” In support of a motion for partial summary judgment, State Farm stated, “Progressive paid its policy limit of $100,000 to plaintiff for settlement of plaintiffs injury claims,” but this is in a paragraph that begins, “Plaintiff claims,” and the citation is to the plaintiffs petition. Later in the same document, State Farm *618 asserted, “[I]t does not appear that plaintiffs injury claim exceeds coverage of the preceding policy (Progressive), and therefore no UM tender is due,” The other passages extracted from State Farm’s memos and cited by Dean as judicial confessions are under the same rubric of “plaintiff claims” and followed by|m arguments disputing UM status. In its pretrial statement, State Farm conceded that Dean settled with Progressive for $100,000 but listed, as a contested fact, “Whether any UM benefits are owed by defendant.” In short, State Farm’s pleadings and memos show a consistent opposition to the fact that is allegedly confessed.
More tellingly, at the hearing on Dean’s motion in limine, the district court repeatedly advised Dean’s counsel that evidence of Progressive’s coverage was an essential element of his case, and lack of it would be fatal. In light of these direct admonitions by the trial judge, counsel could not have reasonably believed the fact was no longer at issue or relied on it to his detriment.
Finally, there is no merit to the position advanced in Dean’s post-trial brief, and on appeal, that the allegation of UM status in the plaintiff’s petition constituted a judicial confession. A judicial confession is an express acknowledgment of an adverse fact. Cichirillo v. Avondale Indus., supra; City of Shreveport v. Noel Estate Inc., 41,148 (La.App. 2 Cir. 9/27/06), 941 So.2d 66, writ denied, 2006-2774 (La. 1/26/07), 948 So.2d 171; Leday v. Safeway Ins. Co., supra. With respect to Dean, McKellar’s UM status was not an adverse fact, but an essential element to be proved. The district court aptly noted that if every allegation in a pleading were sufficient to prove a fact, there would never be any need for a trial.
In short, the record fully supports the district court’s finding that Dean was required to prove McKellar’s UM status and that the trial evidence did not meet the standard of proof. The first two assignments of error lack merit.
I nB AD-FAITH CLAIMS ADJUSTING
By his third assignment of error, Dean urges the court erred in granting partial summary judgment on the issue of bad-faith adjusting at the outset of trial, without permitting discovery relating to the issue. He shows that the insurer owes a duty of good faith and fair dealing, La. R.S. 22:1973A, and is required to pay claims within 30 days of proof of loss, R.S. 22:1892A(1). The duty remains in effect even after suit is filed, Sher v. Lafayette Ins. Co., 2007-2441 (La. 4/8/2008), 988 So.2d 186. He shows that State Farm’s motion was filed on October 28, 2013, and granted on March 24, 2014; he urges this was before the “adequate discovery” he was entitled to conduct under La. C. C. P. art. 966A(3). He suggests that some evidence “might well have shown” that State Farm was arbitrary and capricious, before or after July 13, 2013.
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for trial. Schultz v. Guoth, 2010-0343 (La. 1/19/11), 57 So.3d 1002, and citations therein. A defendant’s motion for summary judgment may be filed at any time. La. C. C. P. art. 966A(1). After an opportunity for adequate discovery, the motion shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C. C. P. art. 966A(3). The procedure is favored and shall be construed to secure the just, speedy and inexpensive determination of actions. La. C. C. P. art. 966A(2). The burden of proof rests with the mover; however, if the mover will not bear the *619 burden of proof at trial on the matter before the court on the motion for summary judgment,Jjgthen the mover need only point out to the court the absence of factual support for one or more elements essential to the plaintiffs claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of fact remain. La. C. C. P. art. 966D(1). If the plaintiff fails to produce such evidence, then summary judgment is proper. Schultz v. Guoth, supra.
There is no absolute right to delay an action on a motion for summary judgment until discovery is completed; the only requirement is that the parties get a fair opportunity to present their claims. Simoneaux v. E.I. du Pont de Nemours & Co., 483 So.2d 908 (La. 1986); Hardin Compounding Pharmacy LLC v. Progressive Bank, 48,397 (La. App. 2 Cir. 9/25/13), 125 So. 3d 493, 81 U.C.C. Rep. Serv. 2d 839, writ denied, 2013-2517 (La. 1/27/14), 131 So. 3d 60. The mere contention of an opponent that he lacks sufficient information to defend the motion and needs additional time to conduct discovery is insufficient to defeat the motion. Pouncy v. Winn-Dixie La., 15-189 (La. App. 5 Cir. 10/28/15), 178 So. 3d 603; Gorbach v. Tulane Univ. Med. Ctr., 2011-1575 (La. App. 4 Cir. 4/11/12), 89 So. 3d 429, writ denied, 2012-1063 (La. 6/22/12), 91 So. 3d 978. The trial court has the discretion to render a summary judgment or to require further discovery. Simoneaux v. E.I. du Pont, supra; Petch v. Humble, 41,301 (La. App. 2 Cir. 8/23/06), 939 So. 2d 499, writ denied, 2006-2482 (La. 12/15/06), 945 So. 2d 692.
This accident occurred on July 11, 2012; Dean filed suit, alleging bad-faith adjusting of the claim, on August 13, 2013; because of the 30-day adjusting period of R.S. 22:1892A(1), this implied that State Farm committed bad faith as of July 13, 2013. State Farm filed the instant motion, | ^seeking to dismiss the bad-faith adjusting claim on October 28, 2013, and the district court set the hearing for March 6, 2014. Dean filed a motion to continue on January 28, 2014, and an opposition on February 21, 2014; the hearing took place as scheduled on March 6. This timeline establishes that from the date Dean filed suit to the date of the hearing, nearly six months had elapsed. While this period.is not expansive, it does not strike us as an abuse of discretion, and it is comparable to the 2femonths found reasonable in Petch v. Humble, supra, the 4 months in Sibert v. National Oilwell Varco, 48,789 (La. App. 2 Cir. 2/26/14), 136 So. 3d 283, and the 5½ months in Williams v. A Day To Remember Invitations LLC, 06-757 (La. App. 5 Cir. 3/13/07), 956 So. 2d 30. We perceive no abuse of discretion here.
Moreover, State Farm disputed the bad-faith adjusting claim on grounds that Dean’s injuries did not exceed the $100,000 he already received from Progressive; in support, it offered Morehouse General records showing preexisting back and neck problems similar to those allegedly resulting from the collision with McKellar; Louisiana Pain Care and Wied Physical Therapy records showing that symptoms from the instant accident had largely subsided by mid-2013; and that Dean had elected not to have neck surgery. This evidence shows mainly a disagreement between the parties as to the value of the injuries, not a refusal to pay that is arbitrary, capricious or without probable cause, despite “satisfactory proofs of loss from the insured,” La. R.S. 22:1892A(1). Louisiana Bag Co. v. Audubon Indem. Co., 2008-0453 (La. 12/2/08), 999 So. 2d 1104; Guillory v. Lee, 2009-0075 (La. 6/26/09), 16 So. 3d 1104. Aside from the conclusory argument that “adequate and/or meaningful discovery has not taken place,” Dean suggests no particular document, deposition or other evi *620 dence that) 14 might create a genuine issue for trial. On de novo review, we find the district court did not err in granting the motion for partial summary judgment.
CONCLUSION
By his fourth assignment of error, Dean urges the district court erred in failing to award reasonable damages for his injuries; he suggests an award between $200,000 and $400,000, subject to credit for the $100,000 from the preceding policy. In light of the disposition of the other assignments of error, we pretermit any consideration of Dean’s damages.
On our own motion, we note that the judgment recites only that all claims of the plaintiffs, Silas Dean Jr. and Priscilla D. Dean, against the defendant, State Farm, are dismissed with prejudice, with each party bearing its own costs. A final judgment must be precise, definite and certain. Elston v. Montgomery, 46,262 (La. App. 2 Cir. 5/18/11), 70 So. 3d 824, writ denied, 2011-1292 (La. 9/23/11), 69 So. 3d 1165. In the interest of clarity, we amend the judgment to state the prevailing and losing party with specificity:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, State Farm Mutual Automobile Insurance Company, and against the plaintiffs, Silas Dean Jr. and Priscilla D. Dean, dismissing all claims of the plaintiffs with prejudice, with each side to bear its own costs.
Appellate costs are to be paid by the plaintiffs.
AMENDED AND, AS AMENDED, AFFIRMED.

. In October 2013, State Farm had offered to settle the case for $10,000; Dean declined.

. He specifically cites: (1) memo in support of motion for partial summary judgment regarding bad-faith adjusting of claims, October 28, 2013; (2) memo in support of motion for partial summary judgment regarding med-pay coverage, February 25, 2014; (3) opposition to plaintiffs' motion in limine, August 11, 2015; and (4) memo in opposition to plaintiffs’ motion for partial summary judgment regarding preexisting injuries and future medical expenses, also August 11, 2015.

. He also refers to his own motion for new trial filed in the district court on October 20, 2015, and motion to supplement the record (with the Progressive declarations page), filed on November 4, 2016. As these came after the devolutive appeal was taken, June 6, 2016, the district court lacked jurisdiction to receive them, under La. C. C. P. art. 2088, and properly refused the filings. This court is limited to the record developed in the trial court and is prohibited from considering new evidence. Dupuy v. NMC Oper. Co., 2015-1754 (La. 3/15/16), 187 So.3d 436.

. In fact, Dean’s original brief and reply brief to this court neither quote nor cite § 1295 (6)—a fairly stunning omission.

. Finley held that an unconditional tender of UM benefits was an admission of liability. We note that State Farm's offer to settle with Dean for $10,000, extended in October 2013, was not unconditional, but was for the limited purpose of a “proceeding to determine costs pursuant to La. C. C. P. art. 970.”