Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,484-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

RAS WALKER INDIVIDUALLY               Plaintiff-Appellant
AND ON BEHALF OF
SUCCESSION OF SANDRA
DAVENPORT

versus

J.M. PROPERTIES                  Defendants-Appellees
MANAGEMENT, INC., AND
JAMES RIVER INSURANCE
COMPANY

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 624,480

Honorable Bruce E. Hampton, Judge

* * * * *

SMITH & NWOKORIE, LLC           Counsel for Appellant
By: Anselm N. Nwokorie

TAYLOR, WELLONS, POLITZ & DUHE,    Counsel for Appellees,
LLC                                J.M. Properties Mgmt.
By: John David Harpole, III          Inc. and James River
                                     Insurance Company

WILLIAM S. CARTER, JR., PC        Counsel for Appellee,
By: William S. Carter, Jr.           City of Ruston

* * * * *

Before PITMAN, MARCOTTE, and ELLENDER, JJ.

**PITMAN, C. J.**

Plaintiff-Appellant Ras Walker, individually and on behalf of the succession of Sandra Davenport, appeals the district court's granting of a motion for summary judgment filed by Defendants-Appellees J.M. Property Management, Inc. ("J.M. Property") and James River Insurance Company ("JRI") and dismissing his claims against them. For the following reasons, we affirm.

## FACTS

On August 1, 2022, Walker, Davenport's son and the administrator of her succession, filed a petition for damages, individually and on behalf of the succession, against J.M. Property and its insurer, JRI. He alleged that on August 8, 2021, Davenport was a resident at Orchard Creek Apartment Complex (the "Complex"), which was owned, maintained and in the care and control of J.M. Property. He further alleged that while Davenport was walking in a grassy area at the Complex, she stepped into a hole and fractured her ankle. While receiving therapy at a rehabilitation center, she developed a urinary tract infection and then sepsis and passed away in December 2021. He asserts that Davenport's injury, death and the resulting damages were caused solely and proximately by the fault and negligence of J.M. Property. He stated that Davenport experienced pain and suffering, emotional and physical anguish, medical expenses and death. He also alleged that he suffered mental anguish and the wrongful death of his mother.

On October 31, 2022, J.M. Property and JRI filed an answer and denied the allegations of negligence. They argued that Davenport's alleged injuries and damages were the result of the fault, negligence and omissions

of Davenport or a third party. They contended that the principles of comparative fault applied to any recovery.

On March 25, 2024, J.M. Property and JRI filed a motion for summary judgment. They argued that Walker cannot establish that J.M. Property knew or should have known of the hole prior to Davenport's accident. They contended that Davenport walked through a heavily sloped grassy area and tripped in a hole that was small and covered by grass, completely hidden from view. They stated that J.M. Property neither owned nor had care, custody or control over this grassy area and, thus, is not liable for its defects. They alleged that the area where Davenport fell is owned by the City of Ruston (the "City") and attached as exhibits the affidavit of a professional land surveyor who determined that the hole is within the City's property and the land survey showing the location of the hole and the property boundary line between the Complex and the City.[1]

On March 26, 2024, Walker filed a first amending and supplemental petition for damages. He added the City as a defendant and argued that J.M. Property, JRI and the City are jointly, severally and in solido liable for the damages complained of in his petition.

On June 28, 2024, Walker filed an opposition to the motion for summary judgment. On July 11, 2024, J.M. Property and JRI filed a reply and argued that Walker's opposition was not timely filed and could not be considered by the court.

---

[1] They also included as exhibits the deposition of a J.M. Property employee who was a supervisor of the Complex and other properties; the deposition of a resident of the Complex who was with Davenport when she fell; the deposition of the manager at the Complex; photographs of the premises; Davenport's apartment lease agreement; and the cash sale deed and property description for the location of the Complex.

A hearing was held on July 11, 2024. The district court found that Walker's opposition brief was untimely but allowed for its proffer. Walker's counsel then argued that the motion for summary judgment should be addressed at a later date after the City had been allowed to "properly get in the case or do some discovery." The court responded that there had been adequate time for discovery. Following arguments by counsel regarding the motion for summary judgment, the district court took the matter under advisement.

On September 3, 2024, the district court filed its ruling and reasons for ruling. It discussed Walker's allegation that discovery was not complete. Noting that Walker did not file a timely motion to continue or delineate specific discovery needed, the court found that it acted within its discretion to move forward with hearing. It stated that it did not consider Walker's opposition brief or its exhibits, in accordance with La. C.C.P. art. 966(B)(2). It determined that Walker had not carried his burden of proof to show a genuine issue of material fact that would prevent summary judgment and, therefore, granted summary judgment in favor of J.M. Property and JRI. It explained J.M. Property and JRI supported their argument that J.M. Property did not have custody of the strip of grass where the alleged hole was located with the survey that showed the land belonged to the City. The court noted that Walker introduced no evidence to controvert that assertion and that the burden of proof was on him with respect to proof of custody. It also found that despite an adequate time for discovery, Walker did not offer any evidence to show that J.M. Property knew or should have known about the hole prior to Davenport's fall. The court explained that simply mowing the

3

grass will not alert anyone to every hole existing on the property, especially when the evidence showed that Davenport did not see the hole.

On October 23, 2024, the district court signed a judgment granting the motion for summary judgment and dismissing all claims asserted by Walker against J.M. Property and JRI.

Walker appeals.

## DISCUSSION

*Motion for Summary Judgment*

In his first assignment of error, Walker argues that the district court erred in granting the motion for summary judgment and ruling that J.M. Property did not have custody of the strip of grass where the hole was located. He raises the concept of garde to argue that J.M. Property, which maintained the grassy area where the hole was located, had the obligation to prevent the property from causing damage to others and to keep it in a reasonably safe condition. He argues that whether J.M. Property and its employees knew or should have known of the unreasonably dangerous condition is a question for the trier of fact.

J.M. Property and JRI argue that the district court properly granted summary judgment on the premises liability claim. They contend that J.M. Property neither owned nor had care, custody or control over the area where Davenport fell; rather, the City owned that area, as shown by the land survey. They allege that even though J.M. Property's lawn professional included the area at issue when he mowed the grass, that fact is insufficient to establish care, custody or control or to impose premises liability on a nonowner. They also argue that Walker cannot establish that J.M. Property knew or should have known of the hole prior to Davenport's fall. They state

4

that the defect was not apparent because the hole was small, covered with grass and hidden from view. They note that Walker did not rebut any of their evidence, as he did not timely file an opposition to their motion for summary judgment.

A party may move for a summary judgment for all or part of the relief for which he has prayed. La. C.C.P. art. 966(A)(1). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim but, rather, to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim. *Id*. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.

When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.*

The failure to file an opposition does not automatically require that the motion for summary judgment be granted, as the initial burden of proof is on the mover. *Auricchio v. Harriston*, 20-01167 (La. 10/10/21), 332 So.

5

3d 660. The district court must first determine whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. *DeBrun v. Tumbleweeds Gymnastics, Inc.*, 39,499 (La. App. 2 Cir. 4/6/05), 900 So. 2d 253. If not, summary judgment must be denied in favor of a trial on the merits. *Id.* A fact is material when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Peironnet v. Matador Res. Co.*, 12-2292 and 12-2377 (La. 6/28/13), 144 So. 3d 791. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764. A genuine issue is one as to which reasonable persons could disagree. *Id.* If reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.*

Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Noland v. Lenard*, 55,342 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1133, *writ denied*, 23-01670 (La. 2/14/24), 379 So. 3d 32.

A premises liability claim is a form of negligence claim against an owner or custodian of property, which is governed by La. C.C. arts. 2317 and 2317.1. La. C.C. art. 2317 states:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

La. C.C. art. 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

To recover for damages caused by a defective thing, a plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect, that this defective condition caused damage and that the defendant knew or should have known of the defect. *Gauthier v. Foster Homes, LLC*, 53,143 (La. App. 2 Cir. 11/20/19), 284 So. 3d 1206. If the plaintiff fails to provide proof of any one of these elements, his claim fails. *Laffitte v. D&J Com. Props., LLC*, 52,823 (La. App. 2 Cir. 8/14/19), 278 So. 3d 460, *writ denied*, 19-01476 (La. 11/12/19), 282 So. 3d 228.

The test for determining custody is twofold: (1) whether the person bears such a relationship as to have the right of direction or control over the thing, and (2) what, if any, kind of benefit the person derives from the thing. *Perkins v. Air U Shreveport, LLC*, 52,093 (La. App. 2 Cir. 5/23/18), 249 So. 3d 187.

Our de novo review of the record confirms that the district court correctly granted summary judgment in favor of J.M. Property and JRI and dismissed Walker's claims against them. As the movers, the burden was on J.M. Property and JRI to point out the absence of factual support for one or more elements essential to Walker's premises liability claim. As the adverse party, Walker could not rely solely on the allegations in his pleadings to support his claim, and he failed to timely file an opposition to the motion for

7

summary judgment. Through their motion for summary judgment and its supporting documents, J.M. Property and JRI presented evidence that they did not own or have custody of the area at issue and that they did not have notice of the hole prior to Davenport's fall. Walker produced no factual support sufficient to establish the existence of a genuine issue of material fact regarding either element.

The affidavit of the professional land surveyor and the land survey demonstrated that the location where Davenport fell was owned by and in the custody of the City, not J.M. Property. Walker's argument that J.M. Property exercised case, custody and control because its lawn service mowed the grassy area at issue is not persuasive. This argument fails the test for determining custody, as J.M. Property did not have the right of direction or control over the land, rather it maintained this area for aesthetic purposes.

The affidavits of the Complex's supervisor and manager demonstrated that J.M. Property did not have knowledge of the hole prior to Davenport's fall, despite routine inspections of the grounds. These supporting documents, which include photographs of the hole, demonstrate that the hole was unapparent as it was covered by grass and that no reports of the presence of the hole were made prior to Davenport's fall. Walker provided no factual support of J.M. Property's alleged knowledge of the hole that would be sufficient to establish the existence of a genuine issue of material fact.

Accordingly, this assignment of error lacks merit.

*Discovery*

In his second assignment of error, Walker argues that the district court erred in proceeding with the hearing on the motion for summary judgment when no appropriate discovery had been conducted with the City regarding ownership and custody. He argues that the motion for summary judgment should not be decided until further discovery has been conducted regarding ownership of the property, especially if J.M. Property alleges that the area where Davenport fell is owned by the City.

J.M. Property and JRI argue that summary judgment was not premature because Walker had years to conduct discovery, including on the City's ownership of the area where Davenport fell. They state that Walker added the City as a defendant four months before they filed the motion for summary judgment and that he never explained what discovery he needed from the City to properly oppose the motion. They note that he failed to follow La. C.C.P. art. 967(C) and show with affidavits why he was unable to obtain the information needed to properly oppose summary judgment.

The requirement in La. C.C.P. art. 966(A)(3) that a summary judgment should be considered only after "an opportunity for adequate discovery" has been construed to mean that there is no absolute right to delay action on a motion for summary judgment until discovery is complete. *Thomas v. Bayonne*, 54,205 (La. App. 2 Cir. 4/13/22), 339 So. 3d 71. Rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claim. *Id*. When addressing the adequacy of discovery on a motion for summary judgment, courts take into consideration the following relevant factors: (1) whether the party was ready to go to trial; (2) whether the party indicated what additional discovery was

needed; (3) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it; and (4) whether the discovery issue was raised in the district court before the entry of the summary judgment. *Id*.

The mere contention of an opponent that he lacks sufficient information to defend the motion and needs additional time to conduct discovery is insufficient to defeat the motion. *Dean v. State Farm Mut. Auto. Ins. Co.*, 51,243 (La. App. 2 Cir. 4/5/17), 217 So. 3d 611. The district court has the discretion to render a summary judgment or to require further discovery. *Id*.

The abuse of discretion standard is used to determine whether the district court allowed adequate time for discovery. *Thomas v. Bayonne, supra*.

Walker filed his petition for damages in August 2022, and J.M. Property and JRI filed their motion for summary judgment in May 2024. Walker had almost two years to conduct discovery prior to the filing of the motion for summary judgment and then had additional time for discovery between the filing of the motion and the hearing on the motion in July 2024. Walker did not indicate what additional discovery was needed or whether he took steps to conduct additional discovery prior to the hearing on the motion for summary judgment. Walker also failed to file a motion to continue for the purpose of discovery following his adding of the City as a defendant. The district court did not abuse its discretion by rendering summary judgment rather than requiring further discovery.

Accordingly, this assignment of error lacks merit.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's granting of summary judgment in favor of Defendants-Appellees J.M. Property Management, Inc. and James River Insurance Company and dismissing the claims of Plaintiff-Appellant Ras Walker, individually and on behalf of the succession of Sandra Davenport. Costs of this appeal are assessed to Plaintiff-Appellant Ras Walker, individually and on behalf of the succession of Sandra Davenport.

**AFFIRMED.**