Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,485-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BRYAN MITNAUL                                    Plaintiff-Appellant

versus

MICHAEL J. PETROSH, JR. &                        Defendants-Appellees
ANDREA M. RABALAIS
PETROSH

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 167,372

Honorable Allie A. Stahl, Judge

* * * * *

ALL AMERICAN LAW FIRM OF LA          Counsel for Appellant
By: Wade T. Visconte

HOGAN LOVELLS US, LLP
By: Robert B. Duncan

DOWNER, JONES, MARINO &              Counsel for Appellees
WILHITE, LLC
By: Allison A. Jones

* * * * *

Before PITMAN, STEPHENS, and HUNTER, JJ.

**PITMAN, C. J.**

Plaintiff-Appellant Brian Mitnaul appeals the district court's granting in part of summary judgment in favor of Defendants-Appellees Michael J. Petrosh and Andrea M. Rabalais Petrosh. Andrea filed an answer and requests that this court modify the judgment to dismiss the remaining claim against her. For the following reasons, we affirm the district court's granting of summary judgment, thereby denying the relief Mitnaul sought on appeal. We grant Andrea's motion, reversing the district court in part, granting summary judgment in part and dismissing with prejudice Mitnaul's defamation claim against her.

## FACTS

On November 12, 2021, Mitnaul filed a petition for damages against the Petroshes. He stated that he was employed as the Director of the Cathedral Music Ministry at St. Mark's Cathedral ("St. Mark's") where the Petroshes were members. He alleged that he witnessed inappropriate actions by the Petroshes and that their misconduct resulted in the Bishop banning them from the grounds of St. Mark's. Mitnaul stated that the Petroshes, in retaliation, harassed and intentionally inflicted harm and emotional distress upon him by making false and defamatory accusations that he engaged in an illegal sexual relationship with one or more teenage boys who were part of St. Mark's and that he was a pedophile. He sent the Petroshes a cease and desist letter in 2020, and he alleged that they attempted to circumvent this demand by submitting an anonymous complaint (the "Letter") to the Louisiana State Police ("LSP"), the Louisiana Attorney General's Office, the Bossier Parish Sheriff's Office and the Bossier City Police Department that claimed he was guilty of an illegal sexual relationship with a minor (the

"Minor"). He stated that the LSP conducted an investigation, which was closed without further action when it was determined that there was no evidence of any illegal sexual relationship involving him and the Minor. Mitnaul argued that the Petroshes intentionally inflicted emotional distress upon him; made blatantly false statements against him that could have resulted in loss of his current employment and ineligibility for future employment; made defamatory accusations with the intent of having law enforcement arrest him; intentionally inflicted severe psychological and emotional harm; pursued criminal allegations based upon known false accusations; intentionally attempted to destroy his personal and professional relationships; and engaged in spreading slanderous statements causing severe emotional duress. He contended that he was entitled to recover damages for past, present and future medical expenses; past, present and future mental pain and suffering; loss of enjoyment of life; loss of future employment potential; medical bills for his inpatient psychiatric hospitalization; attorney fees; and all damages that may be discovered.

On August 30, 2024, the Petroshes filed a motion for summary judgment and argued that Mitnaul did not have sufficient evidence to support his claims against them. They admitted that Andrea mailed the Letter to the LSP, the Louisiana Attorney General and local law enforcement but argued that it expressed her opinion of a "delicate situation" of Mitnaul "being inappropriately close to a minor child." They noted that although the LSP investigation did not find that Mitnaul's behavior with the Minor was criminal, it did find that the relationship was inappropriate and instructed Mitnaul to cease all contact with the Minor. Based on the text of the Letter, the LSP's report and the discovery that had been conducted, the Petroshes

2

requested that the district court summarily dismiss Mitnaul's claims against them. They noted that Mitnaul admitted he had no evidence that Michael sent the Letter; and, therefore, they argued that Mitnaul has no claim against Michael. Regarding Mitnaul's defamation claim against Andrea, they contended that Mitnaul cannot show any statement she made was false or defamatory or that the Letter was published to an unprivileged (non-law enforcement) third party. Regarding his claim of intentional infliction of emotional distress against Andrea, they argued that Mitnaul had not presented any evidence that her actions reached the lofty standard of extreme or outrageous conduct.

On October 23, 2024, Mitnaul filed an opposition to the motion for summary judgment. He alleged that the Petroshes were attempting to halt this action before he was able to complete the discovery necessary to fully uncover the scope of their conduct. He argued that even without additional discovery, the current evidentiary record would be sufficient to permit a trier of fact to grant judgment in his favor on his claims of defamation and intentional infliction of emotional distress. He stated that the Letter was defamatory per se and disagreed with the Petroshes' argument that it merely expressed Andrea's opinions and concerns. He also found fault with the Petroshes' argument that the Letter is privileged as a tip to law enforcement and contended that Andrea did not follow proper procedures to report child abuse but broadly spread her baseless accusations to private citizens in addition to law enforcement. He argued that her actions demonstrated malice and bad faith and constituted an outrageous act, as required for a tort of intentional infliction of emotional distress, that threatened his reputation, livelihood, freedom and mental health. Mitnaul also argued that it is highly

3

unlikely that Michael was not involved in the defamatory and emotionally distressing actions of his wife.

On November 4, 2024, the Petroshes filed a reply to Mitnaul's opposition. They argued that Mitnaul should not be able to weaponize his own discovery inactivity to avoid summary judgment. They contended that Mitnaul had not proven that Michael was in any way associated with the drafting or mailing of the Letter, that the Letter contained factually untrue or non-opinion-based statements or that Andrea sent the Letter to any non-law enforcement party. They also alleged that Mitnaul did not prove any outrageous conduct on their behalf or that they desired to inflict severe emotional distress upon him. As Mitnaul had not submitted any evidence to prove these things, the Petroshes argued that the district court should grant summary judgment in their favor.

A hearing on the motion for summary judgment was held on November 8, 2024. On January 7, 2025, the district court filed a partial final judgment and written reasons for judgment. It granted in part and denied in part the Petroshes' motion for summary judgment. It granted their motion as to Mitnaul's claims of intentional infliction of emotional distress and dismissed these claims with prejudice. It granted their motion as to Mitnaul's claim of defamation against Michael and denied their motion as to Mitnaul's defamation claim against Andrea. It dismissed all of Mitnaul's claims against Michael with prejudice. Regarding Mitnaul's defamation claim against Michael, the court noted that it heard no evidence of his involvement with the Letter and determined that there is no issue of material fact as to Michael not writing or distributing the Letter. Regarding Mitnaul's defamation claim against Andrea, the court found that material

4

issues of fact exist as to whether the language in the Letter is a false statement and whether Andrea published the Letter to an unprivileged party. Regarding Mitnaul's claims of intentional infliction of emotional distress, the court found that summary judgment was appropriate because Andrea's actions did not rise to the level of outrageous or extreme behavior.

Mitnaul filed a motion for suspensive appeal. Andrea filed an answer to the appeal and requested a modification, revision or reversal of the judgment in part, asking this court to dismiss Mitnaul's defamation claim against her.

## DISCUSSION

### *Defamation Claim Against Andrea*

The Petroshes argue that the district court erred when it denied summary judgment on Mitnaul's claim of defamation against Andrea. They contend that the words of the Letter were not defamatory because they were based on her opinion. They state that any factual statements contained in the Letter were verified by the LSP when it found that the relationship between Mitnaul and the Minor was "inappropriate." They also argue that the words of the Letter are protected pursuant to the conditional privilege of reporting crimes. They contend that Andrea should be protected from liability because she communicated the suspected crimes to law enforcement agencies and did not make an unprivileged publication to a third party.

Mitnaul argues that the district court correctly denied the motion for summary judgment as to his defamation claim against Andrea. He contends that the Letter was not an opinion but, rather, a defamatory, unfounded allegation of criminal activity.

5

A party may move for a summary judgment for all or part of the relief for which he has prayed. La. C.C.P. art. 966(A)(1). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim but, rather, to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*

When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleading, but his response must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.*

A fact is material when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Peironnet v. Matador Res. Co.*, 12-2292 and 12-2377 (La. 6/28/13), 144 So. 3d 791. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764. A genuine issue is one as to which reasonable persons could disagree. *Id.* If

reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.*

Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Noland v. Lenard*, 55,342 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1133, *writ denied*, 23-01670 (La. 2/14/24), 379 So. 3d 32.

Because of the chilling effect on the exercise of free speech, defamation actions have been found particularly susceptible to summary judgment. *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418 (La. 7/10/06), 935 So. 2d 669. Summary adjudication is a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the free exercise of rights of speech and press. *Id.*

Defamation is a tort that involves the invasion of a person's interest in his or her reputation and good name. *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So. 2d 129. The four elements necessary to establish a defamation cause of action are (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Id.* If even one of the required elements of the tort is lacking, the cause of action fails. *Id.*

Defamatory words are, by definition, words that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person or otherwise expose a person to contempt or ridicule. *Costello v. Hardy, supra.*

7

Words that convey an element of personal disgrace, dishonesty or disrepute are defamatory. *Id.* The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court. *Id.* The question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense. *Id.*

In Louisiana, defamatory words have traditionally been classified into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. *Costello v. Hardy, supra.* Words that expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory per se. *Id.* When a plaintiff proves publication of words that are defamatory per se, the elements of falsity and malice (or fault) are presumed but may be rebutted by the defendant. *Id.* The element of injury may also be presumed. *Id.* When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, the elements of falsity, malice (or fault) and injury. *Id.*

Even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true or that it was protected by a privilege, absolute or qualified. *Costello v. Hardy, supra.*

Louisiana courts have recognized that the public has an interest in possible criminal activity being brought to the attention of the proper authorities and have extended a qualified privilege to remarks made in good faith. *Kennedy v. Sheriff of E. Baton Rouge, supra.* Vital to our system of

8

justice is that there be the ability to communicate to law enforcement the alleged wrongful acts of others without fear of civil action for honest mistakes. *Id.* It would be self-defeating for society to impose civil liability on a citizen for inaccurately reporting criminal conduct with no intent to mislead. *Id.*, *quoting Arellano v. Henley*, 357 So. 2d 846 (La. App. 4 Cir. 1978).

Although Mitnaul's allegations suggest that this is a case of defamation per se, a reading of the Letter shows that Andrea did not expressly or implicitly accuse him of criminal conduct. In his petition, Mitnaul states that the Letter "claim[s] that [he] was guilty of an illegal sexual relationship with an underage boy." In the Letter, however, Andrea writes to law enforcement to report suspicious behavior by Mitnaul and request an investigation.[1] Therefore, Mitnaul must prove all the elements of defamation.

---

[1] In the Letter, Andrea states, in pertinent part:

The U.S. Department of Homeland Security is well known for their "if you see something, say something" campaign. With that in mind I am going to tell you about something I see. I have no idea how you and your team receive the tips that lead to the arrest and conviction of these criminals, but I can only guess that others, like myself, watch a situation develop over time and eventually come to feel that something is not right.
***
Over the last 4-5 years, I and others have watched from a distance as . . . Mitnaul, has persistently "groomed" a young boy. . . .

Mr. Mitnaul is an openly gay 65-year-old man that has had an ongoing and inappropriate relationship with [the Minor] since he was 11 or 12 years old. As part of his duties at St. Mark's Cathedral, Mr. Mitnaul serves as the children's choir director. He also gives private instruction in organ. [The Minor] is in the choir and is an organ student of Mr. Mitnaul. While [through] an investigation of the relationship between Mr. Mitnaul and [the Minor] all suspicions could be dismissed with the explanation that Mr. Mitnaul is simply teaching [the Minor], many people familiar with the situation have concluded that Mr. Mitnaul has enticed this young man into a relationship with him by showing him the attention he obviously lacks in his home life.
***

9

As the movers, the burden was on the Petroshes to point out the absence of factual support for one or more elements essential to Mitnaul's claim of defamation. Through their motion for summary judgment and supporting documents, they demonstrate that the words of the Letter were not false or defamatory. Andrea's purpose in writing the Letter was not to harm Mitnaul's reputation or to expose him to ridicule—her purpose was to notify law enforcement of a seemingly inappropriate relationship between Mitnaul and the Minor. Despite his allegations against the Petroshes, Mitnaul failed to produce factual support sufficient to establish the existence of a genuine issue of material fact regarding the element of a false and defamatory statement concerning another. As Mitnaul failed to make a prima facie showing of the essential elements of defamation, we need not determine whether the statements made by Andrea in the Letter were protected by privilege.

Through our de novo review of the record, we determine that there are no genuine issues as to material fact regarding Mitnaul's defamation claim against Andrea. We, therefore, grant Andrea's request to modify, revise or reverse the judgment in part, granting summary judgment as to Mitnaul's claim of defamation against her and dismissing this claim with prejudice.

Accordingly, this assignment of error has merit.

### Intentional Infliction of Emotional Distress Claim Against Andrea

Mitnaul argues that the district court erred in granting summary judgment and dismissing the claim of intentional infliction of emotional

---

I strongly believe something very sinister is going on here. I encourage you to use all the resources available to you to fully investigate the possibility that Mr. Mitnaul is engaging in sexual activities with a minor or collecting online pornographic images of this young boy and/or others.

distress against Andrea. He contends that the court erred in finding that Andrea's dissemination of the Letter that contained false allegations of criminal activity by him was not sufficiently outrageous to constitute intentional infliction of emotional distress. He argues that filing a false report that someone is a pedophile is the very definition of extreme and outrageous. He also states that Andrea's knowledge that he is particularly susceptible to emotional distress is a factor to be considered, and he notes that the Letter indicated he was suicidal and bipolar.

The Petroshes argue that the district court correctly found that the Letter was not objectively outrageous as to sustain a cause of action for intentional infliction of emotional distress. They contend that the LSP's finding that Mitnaul's relationship was "inappropriate" quashes any outrage.

One who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. *White v. Monsanto Co.*, 585 So. 2d 1205 (La. 1991). Thus, in order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *Id*. The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Id*. The distress suffered must be such that no reasonable person could be expected to endure it. *Id*.

11

Our de novo review of the record confirms that the district court correctly granted summary judgment in favor of the Petroshes and dismissed Mitnaul's claim of intentional infliction of emotional distress against Andrea. Through their motion for summary judgment and its supporting documents, the Petroshes demonstrated that the conduct of writing the Letter regarding concerns of inappropriate behavior with a child and sending it to law enforcement to encourage an investigation was not extreme and outrageous. As discussed above, Andrea wrote the Letter to alert law enforcement to inappropriate and potentially criminal acts by Mitnaul involving a minor. This does not constitute outrageous and extreme behavior. The determination that such actions are outrageous and extreme could create a chilling effect on the reporting of potential child abuse for fear of civil liability. Further, Andrea did not, as alleged by Mitnaul, accuse him of being a pedophile. Instead, she referenced a previous case where he accused a former employer of spreading a rumor that he was a pedophile. Mitnaul produced no factual support sufficient to establish the existence of a genuine issue of material fact regarding the outrageousness of Andrea's writing of the Letter and its dissemination to law enforcement.

Accordingly, this assignment of error lacks merit.

*Claims Against Michael*

Mitnaul argues that the district court erred in granting summary judgment and dismissing his claims against Michael. He contends that a reasonable trier of fact could have found that Michael participated in the malicious activities of his wife and that the court made an improper credibility determination in Michael's favor when determining that no material issues exist as to his involvement.

12

The Petroshes argue that the district court correctly granted summary judgment as to Michael.  They note that Mitnaul admitted he had no evidence that Michael drafted or sent the Letter; and, thus, Michael cannot be liable for the contents of the Letter.

Our de novo review of the record confirms that the district court correctly granted summary judgment in favor of the Petroshes and dismissed Mitnaul's claims of defamation and intentional infliction of emotional distress against Michael.  As the movers, the burden was on the Petroshes to point out the absence of factual support for one or more elements essential to Mitnaul's claims.  They did so by admitting that Andrea, not Michael, wrote and sent the Letter.  Mitnaul failed to produce factual support sufficient to establish the existence of a genuine issue of material fact regarding Michael's involvement that forms the basis of the defamation and intentional infliction of emotional distress claims.

Accordingly, this assignment of error lacks merit.

*Ongoing Discovery*

Mitnaul argues that the district court erred in granting in part the Petroshes' motion for summary judgment before he had a sufficient opportunity to complete his ongoing discovery efforts.  He alleges that the Petroshes attempted to delay discovery and that their responses were incomplete and evasive.  He states that his discovery efforts are now focused on third-party sources and that the district court's granting of partial summary judgment has deprived him of completing this discovery.

The Petroshes argue that Mitnaul had adequate time for discovery and that he stated he had ample support for his claims.  They contend that their objections to his discovery efforts were made in good faith.

The requirement in La. C.C.P. art. 966(A)(3) that a summary judgment should be considered only after "an opportunity for adequate discovery" has been construed to mean that there is no absolute right to delay action on a motion for summary judgment until discovery is complete. *Thomas v. Bayonne*, 54,205 (La. App. 2 Cir. 4/13/22), 339 So. 3d 71. Rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claim. *Id.* When addressing the adequacy of discovery on a motion for summary judgment, courts take into consideration the following relevant factors: (1) whether the party was ready to go to trial; (2) whether the party indicated what additional discovery was needed; (3) whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it; and (4) whether the discovery issue was raised in the district court before the entry of the summary judgment. *Id.*

The mere contention of an opponent that he lacks sufficient information to defend the motion and needs additional time to conduct discovery is insufficient to defeat the motion. *Dean v. State Farm Mut. Auto. Ins. Co.*, 51,243 (La. App. 2 Cir. 4/5/17), 217 So. 3d 611. The district court has the discretion to render a summary judgment or to require further discovery. *Id.*

The abuse of discretion standard is used to determine whether the district court allowed adequate time for discovery. *Thomas v. Bayonne*, *supra*.

Mitnaul filed his petition for damages in November 2021, and the Petroshes filed their motion for summary judgment in August 2024. Mitnaul had almost three years to conduct discovery prior to the filing of the motion

for summary judgment. He had additional time to conduct discovery between the filing of the motion for summary judgment and the hearing on the motion in November 2024. Despite his allegations that the Petroshes impeded his discovery attempts, he failed to indicate what additional discovery he needed. The district court did not abuse its discretion by rendering summary judgment rather than requiring further discovery.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's granting of summary judgment in favor of Defendants-Appellees Michael J. Petrosh and Andrea M. Rabalais Petrosh regarding Plaintiff-Appellant Brian Mitnaul's claims of defamation against Michael and of intentional infliction of emotional distress against both Michael and Andrea. We grant Andrea's motion, reverse the district court's denial of summary judgment regarding Mitnaul's defamation claim against her, grant summary judgment in her favor and dismiss with prejudice Mitnaul's claim against her. Costs of this appeal are assessed to Plaintiff-Appellant Brian Mitnaul.

**AFFIRMED IN PART; REVERSED IN PART; MOTION GRANTED; SUMMARY JUDGMENT GRANTED IN PART; DEFAMATION CLAIM DISMISSED.**